UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| THE HEIL COMPANY )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>BURLINGTON INSURANCE COMPANY and )<br>EVANSTON INSURANCE COMPANY )<br>    *Defendant*s ) | No. 1:05-cv-284<br>Collier/Carter |

REPORT AND RECOMMENDATION

I. Introduction

This action arises from defendants' refusal to pay a claim for loss made by the plaintiff on a Commercial Lines Policy issued by the defendants. Plaintiff has moved to amend its complaint to add a claim for bad faith failure to pay under Tenn. Code Ann. § 56-7-105; a claim for unfair and deceptive practices under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*; and in a Supplemental and Modified Motion to Amend (Docs. No. 47and 50), brings a bad faith common law claim for "compensatory damages and all other damages" under Tennessee law. Plaintiff also moves for reallignment of the parties asking The Burlington Insurancee Company ("Burlington") be reallignment as a plaintiff. (Doc. Nos. 38 and 47). For the reasons stated herein, it is RECOMMENDED that the plaintiff's motions to amend (Doc. No. 38 and 47) be GRANTED in part and DENIED in part.

II. Relevant Facts

    1.    Evanston Insurance Company ("Evanston") issued to The Heil Company ("Heil") a Commercial Lines Policy containing a "Commercial Liability Coverage Part," which policy

was in effect from January 1, 2003 to January 1, 2004.  (See Exhibit "A" to original Complaint).

2. The policy contained a Self-Insured Retention Endorsement with a self-insured retention amount of $500,000.  Under this endorsement, Heil had the duty to provide a proper defense and investigation of any claim until the $500,000 self-insured retention ("SIR") was exhausted.  The endorsement also provided that Evanston's obligations under the policy were conditioned upon Heil's complying with the terms of the SIR endorsement.

Paragraph 2 of the SIR endorsement provided as follows:

> The Company's obligation under this policy applies only to the amount excess of the Self-Insured Retention.  Your bankruptcy, insolvency, or inability to pay the Self-Insured Retention shall not increase our obligation under the policy.
>
> The Insured shall have the obligation to provide, at his own expense, proper defense and investigation of any claim and to accept any reasonable offer of settlement within the Self-Insured Retention.  The Insured's obligation to provide for his own defense is terminated upon the exhaustion of the Self-Insured Retention referenced above.  In the event that there is any other insurance, whether or not collectible, applicable to an occurrence, claim or suit within the Self-Insured Retention, the Insured must make actual payment for the full Self-Insured Retention amount before the limits of insurance under this policy apply.  **Compliance with this clause is a condition precedent for coverage under this policy.  In the event of the failure of the Insured to comply with this clause, no loss, cost or expense shall be payable by the Company.**

(Id.) (emphasis in original) (Doc. No. 2, p.17).

3. In January 2004, survivors of Willie Evans brought a products liability lawsuit against Heil and others in the Circuit Court of Hale County, Alabama, seeking damages for the alleged wrongful death of Willie Evans.  (original Complaint, ¶9).

4. Heil had assigned the defense of this lawsuit to Tony Hebson, a lawyer in Alabama whom Heil selected.  (Exhibit C to original Complaint).

5. On January 4, 2005, the Alabama Circuit Court entered a $4 million default judgment against Heil as a sanction for Heil's failure to timely answer the complaint in that case and failure to respond to the plaintiffs' discovery demands. (original Complaint, ¶10 and Exhibit C to original Complaint).

6. The Alabama lawsuit was settled in December of 2006 without the $4 million default judgment ever being set aside. (Memorandum in Support of Motion to Amend Complaint and for Realignment of the Parties, ¶¶ 4,5).

8. Heil instituted the present lawsuit on October 13, 2005 against Evanston and Burlington seeking both declaratory relief and damages for alleged breach of contract. This lawsuit was stayed by this Court's Order of March 27, 2006. This Court lifted the stay by its Order dated February 22, 2007. (Id. at ¶¶ 1, 3; Order Granting Motion to Lift Stay of Proceedings, dated February 22, 2007). Plaintiff Heil asserts Burlington settled all differences between them several months ago. Heil has no further claim against Burlington so Burlington should no longer be a defendant in this action. However, both Heil and Burlington have a dispute with and make claims against Evanston arising out of these same events, the denial of coverage under the Evanston policy of insurance.

9. Both Heil and Burlington, by the motion filed on June 14, 2007, seek permission to realign Burlington as a party plaintiff and to assert, on behalf of both Heil and Burlington, claims for alleged bad faith pursuant to Tenn. Code Ann. §56-7-105; for alleged violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101, et seq; and a common law bad faith claim.

10. Evanston, while denying that it breached any contract or obligation and denying

3

any liability to either Heil or Burlington under any theory of law, does not oppose the realignment of the parties, as requested in the instant motion. Evanston, however, does oppose allowing either Heil or Burlington to amend the Complaint filed herein to allege claims under bad faith, either statutory or common law, and consumer protection statutes. Evanston asserts any amendment of the pleadings to allege such claims would be futile.

### III. Discussion

After an answer has been filed in a case, a party must obtain leave of Court in order to amend his or her complaint. Fed. R. Civ. P. 15(a). Leave to amend is freely given where justice so requires, but a court may deny leave where the amendment would be futile or cause undue delay which would result in unfair prejudice to the defendant. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dubuc v. Green Oak Tp.*, 312 F.3d 736, 752 (6th Cir. 2002); *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). In determining whether a motion to amend is futile, the court examines the proposed complaint under the same standards used to evaluate a motion to dismiss. *See Dubuc*, 312 F.3d 736, 743 (6th Cir. 2002) ("If the denial of the motion to amend is based on it being futile, or solely on the legal conclusion that the amended pleading would not withstand a motion to dismiss, then it is reviewed *de novo*"); *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 421 (6th Cir. 2000) ("a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss"); *National Credit Union Admin. Bd. v. Acacia Nat. Life Ins. Co.,* 1995 WL 408177, *4 (6th Cir. July 10, 1995) ("This circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court need not permit the amendment.") In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P.

12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Greenberg v. Life Ins. Co. of Virginia,* 177 F.3d 507, 514-15 (6th Cir. 1999)*; Grindstaff v. Green*, 133 F.3d 416, 420 (6th Cir. 1998); *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.1990), *cert. denied*, 498 U.S. 867 (1990). This Court has jurisdiction pursuant to 28 U.S.C. § 1332, and the parties are in agreement that Tennessee law applies in this case.

### Realignment

Defendant Evanston does not object to the plaintiff amending its complaint to seek realignment of the parties. Therefore, I **RECOMMENDED** that the plaintiff's motion to amend be **GRANTED** to the extent it seeks to dismiss Burlington as a defendant and realign Burlington as a plaintiff.

### The Proposed Bad Faith Claim under Tenn. Code Ann. § 56-7-105

Both Heil and Burlington seek to amend the Complaint to allege that Evanston's refusal to "meaningfully participate" in the December 2006 mediation and refusal to participate in the settlement constitutes bad faith under Tenn. Code Ann. § 56-7-105. (Proposed Amended Complaint, ¶ 38). Plaintiff asserts Evanston had the opportunity to settle the case within its policy limits with Heil and refused to do so (Proposed Amended Complaint, ¶ 39).

Defendant objects to the plaintiff amending its complaint to add a claim under Tenn. Code Ann. § 56-7-105 for a penalty of up to 25% on the liability of the loss for bad faith refusal to pay the plaintiff's claim.

5

The statute states:

> 56-7-105. **Additional liability upon insurers and bonding companies for bad-faith failure to pay promptly.**-(a) The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that such failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided further, that such additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

Tenn. Code Ann. § 57-7-105(a) (2000).

Evanston argues the motion of Heil and Burlington to add a claim for bad faith should be denied because this statute does not apply to policies of liability insurance, such as the policy that is at issue here. Evanston arugues Tennessee courts have long held that this statute applies only to those written contracts that themselves would bear interest from the time they became due. *Peoples Bank & Trust Co. v. United States Fidelity & Guaranty Co.*, 156 Tenn. 517, 3 S.W.2d 163 (1927). While the statute would, therefore, apply to certain types of insurance policies, such as life insurance and fire insurance, it would not apply to a policy of liability insurance. *Tennessee Farmers Mutual Ins. Co. v. Cherry*, 213 Tenn. 391, 374 S.W.2d 371 (1964) (since automobile liability policy would not bear interest prior to any judgment secured thereon, and then only upon the judgment, statute does not apply); *Medley v. Cimmaron Ins. Co., Inc..* 514 S.W.2d 426 (Tenn. 1974) (automobile liability policy is not subject to statute); *St. Paul Fire & Marine Ins. Co. v.*

*Smith*, 767 F.2d 921, 1985 WL 13383 (6th Cir. (Tenn.) 1985) (copy attached) (errors and omissions liability policy not covered by statute, as statute applies only to policies that bear interest from the time they become due).

In light of the foregoing authorities, Evanston asserts it is clear that the bad faith statute on which Heil and Burlington seek to rely is inapplicable to the products liability policy that Evanston issued to Heil and any amendment to the Complaint in this case adding a claim based on this statute would, therefore, be futile.

Heil argues bad faith may be asserted against a liability insurer and the cases relied upon by Evanston are older authority which Heil and Burlington submit are no longer the law. Further, argues Heil, the cases cited by Evanston are premised upon the basis that interest was not due until judgment, arguing that in this case payment has been made by Heil and Burlington for amounts that should have been paid by Evanston, said payment premised upon a judgment which was taken in an Alabama state court against Heil which Evanston refused to pay (Response of Heil to Defendant's Opposition to Amend, Doc No. 44, p. 6).

From a review of the cases cited by plaintiffs, it does not appear that the authority cited by defendant has been overruled, however the factual background of this case is somewhat unique. There is a state court judgment which presumably would bear interest. There was a liquidated amount of damages which was established at a date prior to the trial of this lawsuit by the state court. Further, the insurance contract between the parties provides for supplementary payments by Evanston which are defined to specifically

7

include Pre–judgment interest awarded against the insured on that part of any judgment Evanston pays (Commercial Lines Policy, Doc. No. 2, p. 5). Because of the unique facts of this case, the amounts owed may bear interest prior to entry of a final judgment in this case and it appears that the amount owed has been reduced to a liquidated amount, therefore the principles outlined in *Tennessee Farms Mutual Ins. Co. v. Cherry,* 213 Tenn. 391, 374 S.W. 2d 371 *(1964)* and *St. Paul Fire and Marine Ins. Co. v. Smith,* 767 F. 2d 921, 1985 WL 13383 (6th Cir. (Tenn) 1985 do not apply to the facts in this case. It may be that facts developed during discovery will make it appear to the court or jury trying the case that the refusal to pay the loss was not in good faith.

For those reasons, I **RECOMMEND** that the plaintiffs' motion to amend to add a claim for a penalty of up to 25% of the value of the allowable claim pursuant to Tenn. Code Ann. § 56-7-105 be **GRANTED.**[1]

**The Tennessee Consumer Protection Act Claim**

Defendant also seeks to add a claim for unfair and deceptive practices under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*, arising from Evanston's refusal to pay the plaintiffs' claim. Plaintiffs allege Evanston's refusal to indemnify Heil to the extent of its policy limits and refusal to apply attorney's fees and costs associated with Heil's efforts to vacate the Alabama default judgment or to satisfy or exhaust the policy's $500,000.00 Self-Insured Retention ("SIR") Endorsement and the

---

[1] If facts developed during discovery in this litigation show that this case is factually similar to the cases relied on by defendant, plaintiffs can again raise this issue by either a motion to dismiss or motion for summary judgment.

failure to contribute to settlement of the Evans lawsuit or to meaningfully participate in mediation is in bad faith. However, refusal to pay an insurance claim, even in bad faith, without some type of deceitful or fraudulent conduct on the part of the insurer, does not constitute a violation of the Tennessee Consumer Protection Act. *See Myint v. Allstate Insurance Company*, 970 S.W. 2d 920, 926 (Tenn. 1998) (Insurer's refusal to pay claim on suspicion of arson did not constitute an unfair or deceptive act under the Tennessee Consumer Protection Act). The refusal to pay an insurance claim, absent some type of deceptive or misleading conduct on the part of the insurer, simply does not rise to the level of an unfair or deceptive practice as defined by the Tennessee Consumer Protection Act. As explained by the Sixth Circuit in *Parkway Assoc., LLC v. Harleysville Ins. Co.*, 129 Fed. Appx. 955, 960-61 (6th Cir. May 4, 2005):

> Parkway also claims that Harleysville violated the Tennessee Consumer Protection Act by engaging in deceptive practices. The TCPA provides a lengthy list of prohibited unfair or deceptive acts or practices. *See* Tenn.Code Ann. § 48-18-104(b)(1)-(36). Parkway, however, in support of its claim, relies upon the "catch-all" provision, which prohibits "engaging in any other act or practice which is deceptive to the consumer or to any other person." *Id.* § 47-18-104(b)(27). The Tennessee Supreme Court has indicated that a "deceptive act or practice is a material representation, practice or omission likely to mislead a reasonable consumer." *Ganzevoort v. Russell,* 949 S.W.2d 293, 299 (Tenn.1997). Parkway asserts that Harleysville violated the TCPA by 1) failing to return telephone calls, 2) forcing Parkway into litigation, and 3) placing the mortgage holder's name on the checks it submitted to Parkway. Nowhere does Parkway explain how it was misled or deceived by these acts. Parkway fails to state a claim for a violation of the TCPA. Thus, the district court properly granted Harleysville summary judgment on this claim.

(Internal footnote omitted); *see also Nautilus Ins. Co. v. The In Crowd, Inc.*, 2005 WL 2671252 *5-6 (M.D. Tenn. Oct. 19, 2005) (no claim under the Tennessee Consumer

Protection Act existed where plaintiff failed to explain how insurer deceived or mislead the plaintiff when denying coverage under the insurance policy.) *Cf. Sparks v. Allstate Ins. Co.*, 98 F. Supp.2d 933, 938 (W.D. Tenn. 2000) (plaintiff's complaint stated claim under Tennessee Consumer Protection Act where complaint alleged "that Allstate had clear evidence when it denied her claim that the cause of the fire was an electrical short, not arson.") The undersigned concludes that even when taken as true, the allegations set forth in plaintiffs' complaint fail to state a claim under the Tennessee Consumer Protection Act. Therefore, I **RECOMMEND** that plaintiffs' motion to amend their complaint to add a claim under the Tennessee Consumer Protect Act be **DENIED**.

### The claim for bad faith under the common law

Finally, plaintiffs request leave to amend their complaint to add a claim for bad faith under the common law in which they seek damages as well as all other damages permited [sic] for the bad faith of Evanston as may be recoverable under Tennessee law. (Amended Complaint Doc. No. 50 p. 13). Although not explicitly stated, I conclude these other permitted damages are a request for punitive damages, over and above the actual damages for the alleged breach of the insurance contract. Under Tennessee law, however, punitive damages are not available for a bad faith failure to pay an insurance claim. *See Chandler v. Prudential Ins. Co.*, 715 S.W. 2d 615 (Tenn. App. 1986); *Fred Simmons Trucking, Inc. v. United States Fidelity and Guaranty Co.*, 2004 WL 2709262 *5 (Tenn. Ct. App. Nov. 29, 2005); *Berry v. Home Beneficial Life Ins. Co.*, 1988 WL 86489 * 1 (Tenn. Ct. App. Aug. 19, 1988). The 25% penalty under Tenn. Code Ann. § 56-7-105 is the appropriate remedy for bad faith failure to pay an insurance claim. *Id.* Therefore, I

**RECOMMEND** that the plaintiffs' motion to amend to add a common law bad faith claim for punitive damages be **DENIED**.

IV. Conclusion

For the reasons stated herein, I **RECOMMEND** that the plaintiffs' motion to amend be **GRANTED** in part and **DENIED** in part as follows: the plaintiff's motion to realign the parties to dismiss Burlington as a defendant and realign Burlington as an additional plaintiff be **GRANTED**; the plaintiffs' motion to amend to add a claim for the 25% bad faith penalty under Tenn. Code Ann. § 56-7-105 be **GRANTED**; the plaintiffs' motion to amend to add a claim under the Tennessee Consumer Protection Act be **DENIED**; and the common law bad faith claim seeking either punitive or other damages be **DENIED**.[2]

s/William B. Mitchell Carter<br>
UNITED STATES MAGISTRATE JUDGE

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).