UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| HEIL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 1:05-cv-284 |
| v. ) | |
| ) | |
| EVANSTON INSURANCE CO., ) | Chief Judge Curtis L. Collier |
| THE BURLINGTON INSURANCE CO., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge William B. Mitchell Carter (Court File No. 63). Plaintiff Heil Company ("Heil") and Defendant Burlington Insurance Company ("Burlington") have filed objections (Court File No. 66). Defendant Evanston Insurance Company ("Evanston") has also filed an objection to the magistrate judge's R&R (Court File No. 68). For the reasons laid out below the Court will **ACCEPT** and **ADOPT** the magistrate judge's report and recommendation, but the Court will **GRANT** Plaintiff's motion to amend to add a claim under the Tennessee Consumer Protection act. The Court will **GRANT** the parties joint motion to continue.

**I.   FACTS AND PROCEDURAL BACKGROUND**

The issue in this case arises from a $ 4,000,000 default judgment entered against Heil in Alabama (Original Complaint ¶ 9-10).

Evanston issued to Heil a Commercial Lines Policy containing a "Commercial Liability Coverage Part," and this policy was in effect from January 1, 2003 to January 1, 2004 (Court File

No. 1, Ex. A). Heil also procured from Burlington a supplemental insurance policy which covered the period from January 1, 2003 to January 1, 2004 (Court File No. 1 ¶ 12 "Original Complaint"). Heil argues Evanston breached the insurance agreement by failing to pay either the default judgment or defense fees. Evanston argues Heil materially breached the agreement by failing to procure a proper defense, and this material breach discharges Evanstons duty to pay (Original Complaint, Ex. C). Evanston also argues Heil's expenses in having the default judgment vacated are not necessary to the defense of this suit. When Heil originally filed this action Burlington had not stated its coverage position with respect to the default judgment (Original Complaint ¶ 20). Burlington and Heil have since resolved their differences and both assert Evanston is liable for the defense and indemnification of the Alabama claims and judgment (Court File No. 48).

The policy contained a Self-Insured Retention Endorsement[1] with a self-insured retention amount of $ 500,000. Under this endorsement, Heil had the duty to provide a proper defense and investigation of any claim until the $ 500,000 self-insured retention ("SIR") was exhausted. The endorsement also provided that Evanston's obligations under the policy were conditioned upon Heil's complying with the terms of the SIR endorsement. Paragraph 2 of the SIR endorsement provided as follows:

> The Company's obligation under this policy applies only to the amount excess of the Self-Insured Retention. Your bankruptcy, insolvency, or inability to pay the Self-Insured Retention shall not increase our obligation under the policy.
>
> The Insured shall have the obligation to provide, at his own expense, proper defense and investigation of any claim and to accept any reasonable offer of settlement within the Self-Insured Retention. The Insured's obligation to provide for his own defense is terminated upon the exhaustion of the Self-Insured Retention referenced

---

[1]An Endorsement is an amendment to an insurance policy or a rider of an insurance policy. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327 (6th Cir. 2007).

> above. In the event that there is any other insurance, whether or not collectible, applicable to an occurrence, claim or suit within the Self-Insured Retention, the Insured must make actual payment for the full Self-Insured Retention amount before the limits of insurance under this policy apply. **Compliance with this clause is a condition precedent for coverage under this policy. In the event of the failure of the Insured to comply with this clause, no loss, cost or expense shall be payable by the Company.**

(*Id.*) (emphasis in original) (Court File No. 2, p.17).

The underlying judgment resulted from a products liability lawsuit survivors of Willie Evans brought in January 2004 against Heil and others in the Circuit Court of Hale County, Alabama, seeking damages for the alleged wrongful death of Willie Evans (Original Complaint, ¶9). Heil had assigned the defense of this lawsuit to a lawyer of Heil's choice. (Original Complaint, Ex. C). On January 4, 2005, the Alabama Circuit Court entered a $4 million default judgment against Heil as a sanction for Heil's failure to timely answer the complaint in that case and failure to respond to the plaintiffs' discovery demands. (Original Complaint, ¶10; Ex. C).

The Alabama lawsuit was settled in December 2006 without the $4 million default judgment ever being set aside. (Court File No. 39, ¶¶ 4,5). Heil instituted the present lawsuit on October 13, 2005 against Evanston and Burlington seeking both declaratory relief and damages for alleged breach of contract. This present lawsuit was stayed by the Court's Order of March 27, 2006. This Court lifted the stay by its Order dated February 22, 2007. (*Id.* at ¶¶ 1, 3). Plaintiff Heil asserts Burlington and Heil settled all differences between them several months ago. Heil has no further claim against Burlington so Burlington should no longer be a defendant in this action. However, both Heil and Burlington have a dispute with and make claims against Evanston arising out of these same events, the denial of coverage under the Evanston insurance policy.

Both Heil and Burlington seek permission to realign Burlington as a plaintiff, and to assert,

on behalf of both Heil and Burlington, claims for alleged bad faith pursuant to Tenn. Code Ann. § 56-7-105; for alleged violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101, et seq; and for a common law bad faith.

Evanston, while denying that it breached any contract or obligation and denying any liability to either Heil or Burlington under any theory of law, does not oppose the realignment of the parties, as requested in the instant motion. Evanston, however, does oppose allowing either Heil or Burlington to amend the Complaint to allege bad faith claims under Tennessee insurance statutes, common law, and TCPA. Evanston asserts any amendment of the pleadings to allege these claims would be futile.

The magistrate judge, after consideration, recommended the Court grant the motion to realign the parties (Court File No. 63, at 5). The magistrate judge recommended the Court grant Heil and Burlington's motion to amend to add a claim under the bad faith failure to pay statute, Tenn. Code Ann § 56-7-105 (*id*. at 8). The magistrate judge recommended the Court deny Heil and Burlington's motions to amend to add claims under common law bad faith and under the TCPA (*id*. at 10-11).

Heil and Burlington object to the magistrate judge's recommendation the Court deny their motions to amend their complaint to add a claim under the TCPA and common law bad faith. Evanston objects to the magistrate judge's recommendation Heil and Burlington be allowed to amend the complaint to allege a claim under the Tennessee bad faith statute.

Neither party objects to the magistrate judges recommendation to allow the realignment of the parties. Therefore, the Court will **ACCEPT** and **ADOPT** the magistrate judge's recommendation to allow the realignment of the parties.

## II. ARGUMENTS OF THE PARTIES

### A. Heil and Burlington's Objection

Heil and Burlington (collectively "Plaintiffs") argue they should be permitted to amend the complaint to assert a claim against Evanston because Evanston allowed Heil to continue with the counsel Heil had retained for a year after the default judgment was entered against them. And then Evanston denied coverage to Heil on the basis of that default judgment. Plaintiffs argue this is similar to a case where an insurance company encouraged a customer to settle a claim in a manner the company knew would void the policy. Therefore this conduct was either a waiver of the proper defense condition or grounds to estop Evanston from relying on it, and Evanston has no legitimate grounds to refuse coverage. In essence, Plaintiffs argue Evanston knew and communicated with the lawyer Heil hired for the Alabama law suit, but only after adverse judgment was entered did Evanston consider the defense improper. And in so doing, Evanston relied on an interpretation of the proper defense condition, which it has elsewhere disclaimed. Plaintiffs advance no particular argument in support of their objection to the magistrate judge's recommendation to deny their motion to add a common law bad faith claim.

### B. Evanston's Objection.

Evanston objects to the magistrate judge's recommendation Plaintiff be permitted to plead a claim for bad faith failure to pay an insurance claim. First, Evanston argues the Tennessee statute only applies to insurance policies that bear interest from the time an obligation becomes due and that liability policies are not the type of policies covered by the statute. Second, Evanston argues Plaintiffs have failed to plead sufficient facts to state a plausible claim of bad faith.

### III. STANDARD OF REVIEW

This Court conducts a de novo review of the portions of the report and recommendation to which objections are made, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court's standard of review is the same as the magistrate judge's, but a party's general objections are not sufficient to challenge a magistrate judge's findings. *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991). "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrates report." *Id.* A district court should only review for clear error where a party makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition. *Edwards v. Fischer*, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006) (internal citations omitted). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

### IV. DISCUSSION

#### A. Plaintiffs' Tennessee Consumer Protection Act Claim

Plaintiffs contend they should be permitted to allege an act under the TCPA. The magistrate judge found Plaintiffs' amended complaint failed to state a claim under the TCPA because Plaintiff failed to point to some deceptive act and Plaintiffs' reliance on that act (Court File No. 63 at 8-10). In reply, Plaintiffs rely on *Gaston v. Tennessee Farmers Mut. Ins. Co.*, 120 S.W.3d 815 (Tenn. 2003).

Heil requires the leave of the Court to amend its complaint because the amended complaint

was proposed after the original answer had been filed. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). The magistrate judge refused Heil's amendment because the judge considered these amendments futile. In determining whether a motion to amend is futile, the Court examines the proposed complaint under the same standards used to evaluate a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss").

Every complaint must contain "a short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint is intended to provide both fair notice of the nature of the claim, and also the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1965 n.3 (2007). "[L]egal theories of recovery need not be spelled out as long as the relevant issues are sufficiently implicated in the pleadings." *Smith v. City of Salem*, 378 F.3d 566, 577 (6th Cir. 2004).

In *Gaston*, the plaintiff was in an accident with an underinsured motorist. *Id*. at 818. The plaintiff had several meetings with the insurance company's claim adjuster. *Id*. at 822. But neither the claims adjuster nor any other employee of the insurance company warned Plaintiff any unapproved settlement with the underinsured motorist would violate the subrogation clause of her contract, and would prevent her from recovering anything from the insurance company. *Id*. The insurance company allowed plaintiff to take a course of action contrary to her interests, and in so doing pursued their own interests in not paying the plaintiff's claim. The Tennessee Supreme Court held these allegations stated a cause of action under the TCPA. *Id*.

*Gaston* in turn relied on another holding of the Tennessee Supreme Court which established the liability of an insurance company under the TCPA. *Myint v. Alstate Ins. Co.*, 970 S.W.2d 920 (Tenn. 1998). The Tennessee Supreme Court in *Myint* held that a plaintiff could maintain an action against an insurance company for failure to pay a claim in bad faith under the TCPA. *Id*. at 926. The court however, denied relief in *Myint* becuase "[i]t [was] apparent that the denial of the Myints' claim was Allstate's reaction to circumstances which Allstate believed to be suspicious." *Id*.

Plaintiffs also cite *Rutherford v. Tennessee Farmers Mut. Ins. Co.*, 608 S.W.2d 843 (Tenn. 1980). In *Rutherford*, the question was whether a particular provision of the agreement was waived, where the insurance company did not notify the plaintiff of its reliance on the provision until after the settlement had been effected with the knowledge and the tacit approval of the insurance company. The TCPA is not mentioned in this case, and so it is of little help in deciding whether this complaint properly alleges a deceptive or unfair act.

For this case to be "congruent" (Court File No. 67 at 6) with *Gaston*, Evanston must have believed the "proper defense" clause would prevent recovery by Heil, and failed to notify Heil before Heil relied to its detriment. Whether this is so, or whether Heil has some other theory of unfairness under the TCPA is not a question the Court need reach. "[L]egal theories of recovery need not be spelled out as long as the relevant issues are sufficiently implicated in the pleadings." *Smith*, 378 F.3d at 577. It is enough to say it is possible for liability to lie against an insurance company for bad faith failure to pay under the TCPA under the circumstances alleged by Plaintiffs. Therefore, because the amendment is not futile and Evanston advances no other objection the Court will **GRANT** Heil's motion to amend its complaint to add a claim under the TCPA.

    **B.**    **Plaintiffs' Common Law Bad Faith Claim**

Plaintiffs advance no particular argument for why they should be permitted to amend their complaint to add a common law bad faith claim. The magistrate judge in his R&R cites to several Tennessee decisions which hold a plaintiff in the position of Plaintiff must pursue a bad faith recovery under the statute the Tennessee legislature has provided, and not a general tort for bad faith. *Chandler v. Prudential Ins. Co.*, 715 S.W.2d 615, 619-21 (Tenn. Ct. App. 1986); *Fred Simmons Trucking, Inc. v. United States Fidelity and Guaranty Co.*, 2004 WL 2709262 *5 (Tenn. Ct. App. Nov. 29, 2005); *Rice v. Van Wagoner Companies, Inc.*, 738 F.Supp. 252, 253 (M.D. Tenn. 1990); *Berry v. Home Beneficial Life Ins. Co.*, 1988 WL 86489 * 1 (Tenn. Ct. App. Aug. 19, 1988). The magistrate judge has correctly stated the law of Tennessee. The Court sees no basis to distinguish this case from those cases cited above, and Heil provides no basis to distinguish it. Therefore, the Court will **ACCEPT** and **ADOPT** the recommendation of the magistrate judge.

  **C.**  **Plaintiffs' Bad Faith Failure to Pay claim under Tenn. Code Ann. § 56-7-105**

The statute upon which Plaintiffs seek bad faith statutory damages for Defendant's failure to pay their claim is Tenn. Code Ann. § 56-7-105(a), which provides as follows:

> The insurance companies of this state . . . in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that such failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided further, that such additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

This section is penal in nature and must be strictly construed. *Stooksbury v. American Nat. Property and Cas. Co.,* 126 S.W.3d 505, 518 -519 (Tenn. Ct. App. 2003) (citing *Minton v. Tennessee Farmers*

*Mut. Ins. Co.*, 832 S.W.2d 35, 38 (Tenn. Ct. App. 1992)). In order to recover bad faith penalties under this statute, a claimant must prove: (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith. *Hampton v. Allstate Ins. Co.,* 48 F. Supp. 2d 739, 746 (M.D. Tenn 1999); *Stooksbury,* 126 S.W.3d at 519; *Minton*, 832 S.W.2d at 38 (*citing Palmer v. Nationwide Mutual Fire Ins. Co.*, 723 S.W.2d 124, 126 (Tenn. Ct. App.1986)). The burden of proving that an insurance company acted in bad faith in refusing to pay a claim lies with the insured. *Stooksbury,* 126 S.W.3d at 519; *See Nelms v. Tennessee Farmers Mut. Ins. Co.*, 613 S.W.2d 481, 484 (Tenn. Ct. App.1978).

The bad faith penalty is not recoverable in every refusal of an insurance company to pay a loss. *Stooksbury,* 126 S.W.3d at 519. An insurance company is entitled to rely upon available defenses and refuse payment if there are substantial legal grounds the policy does not afford coverage for the alleged loss. *Id.* "If an insurance company unsuccessfully asserts a defense and the defense was made in good faith, the statute does not permit the (sic) imposing of the bad faith penalty." *Id.* (*quoting Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844, 852 (Tenn. Ct. App.1982) (emphasis in original omitted).

Defendant argues this statute is inapplicable because Tennessee precedent establishes this statute only applies to "insurance policies that bear interest from the time an obligation becomes due and that liability policies are not the type of policies covered by the statute." (Court File No. 68 at 6). However the Court need not consider this argument at this time. The Tennessee courts have laid out the elements of a bad faith claim under this statute, and the existence of interest is no part of the

elements. *Hampton*, 48 F.Supp.2d at 746. The Tennessee courts do not consider this one of the elements of the claim, and therefore failure to plead it does not render the pleading subject to dismissal for failure to state a claim.

The magistrate judge believed there was interest bearing on the judgment (Court File No. 63 at 7). Evanston argues the magistrate judge was mistaken and "there is no interest running on the $4 million." (Court File No. 68 at 9). This dispute is better dealt with in a different procedural context, which permits the Court to consider matters outside the pleadings.

Finally, Evanston argues "Heil and Burlington can point to no facts indicating that Evanston acted in bad faith in relying on the condition precedent to coverage found in the Self-Insured Retention endorsement of the policy." (Court File No. 68 at 12). However, the amended complaint alleges Evanston has admitted the "proper defense" condition only "requires the selection of competent counsel able and willing to provide meaningful representation." (Court File No. 50 ¶ 19). In other words, Heil alleges Evanston knew the condition only required the selection of competent counsel, and Evanston's current construction of the condition is an excuse to avoid payment. Heil alleges Evanston refused payment knowing it was obligated under the terms of the policy to pay. This is certainly sufficient to make out an allegation of bad faith, and in any event bad faith as a condition of the mind may be generally alleged. Fed. R. Civ. P. 9(b). For these reasons the Court will **ACCEPT** and **ADOPT** the recommendation of the magistrate judge on this issue.

**D.    Motion to Continue Trial**

The Court will **GRANT** the parties joint motion to continue (Court File No. 70) . The trial in this matter is rescheduled for **September 8, 2008 at 9:00 a.m.**, and the final pretrial conference is rescheduled for **August 29 at 4:00 p.m**. Dispositive motions will be due no later than May 28,

2008. The parties will have an extension of two months for all discovery deadlines.

**V.     CONCLUSION**

The Court will **ACCEPT** and **ADOPT** the recommendation of the magistrate judge to allow realignment of the parties.

The Court will **GRANT** Plaintiffs' motion to amend their complaint to add a claim under the TCPA.

The Court will **ACCEPT** and **ADOPT** the recommendation of the magistrate judge to deny Plaintiffs' motion to amend their complaint to add a common law bad faith claim.

The Court will **ACCEPT** and **ADOPT** the recommendation of the magistrate judge to grant Plaintiffs' motion to amend their complaint to add a claim under the Tenn. Ann. Code § 56-7-105.

The Court will **GRANT** the parties joint motion to continue (Court File No. 70).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**